**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACKELIN RIVAS-COTO, | No. 09-70827 |
| Petitioner, | Agency No. A098-801-679 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Jackelin Rivas-Coto, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo due process claims. *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination on the basis of the discrepancy between Rivas-Coto's testimony and her asylum application regarding whether her aunt was killed, as well as the discrepancy regarding the incident at the lake. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (adverse credibility finding may be supported by discrepancies between a petitioner's testimony, declaration, and documents). Rivas-Coto's explanations, including that the discrepancies were due to the fact that she was nine months pregnant at the time of the hearing, do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject her contention that the IJ's adverse credibility determination was improper. *See Shrestha*, 590 F.3d at 1043 (under the Real ID Act, adverse credibility findings do not have to go to the heart of the claim). In the absence of credible testimony, Rivas-Coto's asylum and

withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Rivas-Coto's CAT claim is based on the same testimony the agency found not credible, and she points to no other evidence showing it is more likely than not she will be tortured if returned to Honduras, her CAT claim also fails.  *See id.* at 1156-57.

Finally, we lack jurisdiction to reach Rivas-Coto's unexhausted contention that she was prevented from developing her claim due to questions regarding inconsistencies between her testimony and application.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**